## ONE MINIT CAR WASH, INC. v. J. & J. CAR WASH, INC.

174 N. W. (2d) 104.

January 23, 1970—No. 41810.

*John F. Fletcher,* for appellant.
*Lawrence M. Hall,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Graff, JJ.

OTIS, JUSTICE.

This is an action to construe and enforce the terms of an agreement under which plaintiff has sold defendant a car wash and gasoline service station business in the city of St. Cloud. Defendant appeals from a decision of the trial court holding defendant liable for ground rent to the owner of the premises. The only issue litigated was the intent of the parties with respect to a provision of the agreement which reads as follows:

"Purchaser agrees to pay all rental payments to Socony (Mobil Oil) effective August 1, 1966."

On appeal, the issue is whether the evidence supports the trial court's findings in favor of plaintiff. We hold that it does.

The property here in question is located at the northeast corner of Twelfth Avenue North and St. Germain Street in St. Cloud. The northerly portion of the property, for convenience described as lot 5 and parts of lots 8 and 2, was originally owned by John Weber and Edward Ellsworth. In 1962, Weber and Ellsworth leased the southerly portion of the property, consisting of part of lot 3 and all of lot 4, from Socony Mobil Oil Company, Inc. A car wash was constructed and gasoline pumps installed on the westerly portion of lot 4. One Minit Car Wash, Inc., a corporation created by Weber and Ellsworth, operated the car wash and gasoline pumps as a single business unit.

In August 1963, Weber and Ellsworth constructed a restaurant on lot 3 (owned by Socony) and leased it as well as lot 4 to a company called LeMae, Inc., subsequently owned by one Joseph Spanier, for a rental of $850 per month. That lease contained the following reservation:

"* * * [R]eserving to the Lessor, however, an easement for ingress and egress over and across the demised premises to the ONE MINIT CAR WASH, also, the right to maintain and continue the gasoline pumps now located on said premises and an easement for ingress and egress to the said filling station, and easements to be described as follows:

"The Westerly 40 feet of Lots Three (3) and Four (4), Block Four (4), Cram's Addition to the City of St. Cloud, Stearns County, Minnesota."

Spanier was also the principal stockholder of J. & J. Car Wash, Inc., defendant herein.

On June 30, 1966, Spanier, on behalf of J. & J. Car Wash, executed a purchase agreement prepared by his own attorney wherein One Minit Car Wash sold to J. & J. Car Wash lot 5 and parts of lots 8 and 2 on which Weber and Ellsworth had originally built a car-wash facility. It is that agreement which

contains the provision: "Purchaser agrees to pay all rental payments to Socony (Mobil Oil) effective August 1, 1966." No mention is made of the easement for ingress and egress to the car wash and gas station which the sellers reserved when they leased the restaurant to LeMae.

The original lease granted by Socony to Ellsworth and Weber called for a rental of $312.50 a month. An additional amount of $10 a month was paid to Socony for an advertising sign and $1 a month for a credit card machine. Defendant, J. & J. Car Wash, proceeded to pay the vendor, One Minit Car Wash, $323.50 a month for the months of August, September, and October 1966. Thereafter, defendant refused to make further payments except in the amount of $11 for the sign and credit card machine, claiming that this was all that the purchase agreement contemplated.

The question of what the parties intended by the paragraph in dispute was one of fact. There was testimony by Weber and Ellsworth that the negotiations for the sale included an agreement on the part of defendant to assume the full $323.50. This was the conclusion which the trial court reached.

In a memorandum accompanying its findings, the trial court noted that if defendant's version were adopted he would be paying nothing for the right of ingress and egress and for the gasoline service station operated by the car wash as one unit. The court observed:

"* * * It does not seem logical to me that plaintiff would sell its filling station property and still expect to continue to pay rent chargeable to this business."

The court was impressed by the fact that defendant did in fact pay $323.50 for 3 months and concluded "that the refusal to pay the rental payments was an afterthought when gasoline sales were not as much as anticipated."

We concur in the trial court's disposition of the matter. The fact that the seller was not only disposing of the car wash business but the gasoline service station, which was reserved in

the lease held by Spanier and operated as a single unit, is compelling evidence that the parties intended the purchaser to take over the seller's obligation to Socony, the fee owner of both lots 3 and 4, on which the restaurant and service station were located. We share the conclusion of the trial court that had the intention of the parties been otherwise, the purchaser would not have voluntarily made full payment of the Socony rental for 3 successive months without protest.

The issue presented being one of fact, and there being ample evidence to support the findings of the trial court, the order appealed from is affirmed.

Affirmed.